UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Josefina Becerra Hernandez, individually and as Trustee for the Estate of Felipe Ledesma Cruz, deceased, and for Rebecca Ledesma Becerra,

Plaintiff,

vs.

MINUTE ORDER

Terry Alan Flor; Central Landscaping, Inc.; Central Turf Farms, and Champion Home Builders,

Defendants.

Civ. No. 01-183 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 13th day of December, 2002.

* * *

On December 12, 2002, the Court conducted a Status Conference in this matter given the Motion of the certain of the Defendants for a Protective Order which would preclude the taking of a number of depositions, including that of the Plaintiff, in Mexico. At the time of the Status Conference, the Plaintiff appeared by J. Michael Moore, Esq.; the Defendant Terry Alan Flor appeared by Scott B. Lindquist, Esq.; the Defendants Central Landscaping, Inc., and Central Turf Farms, appeared by Lisa R. Griebel, Esq.; and the Defen-

FILED DEC 13 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK

dant Champion Home Builders Co. appeared by Michael D. Hutchins, Esq.

The noted depositions were scheduled to be conducted on December 13, 2002, and the Hearing on the Motion for a Protective Order could not be heard until December 19, 2002, when argument on a number of the parties' other Motions would be heard. The Status Conference was conducted in order to assure that the depositions would be stayed until the Court could hear the parties on the propriety of a Protective Order, unless other compelling exigencies required the depositions to proceed.

Counsel for the Plaintiff advised that the depositions would not be taken until the Court had ruled upon the noted Motion for Protection and, accordingly, we found no need to stay of those depositions at this time, the issue having been mooted by the representation of Plaintiff's counsel.[1]

---

[1]As we noted at the time of the Hearing, our brief research into the issue failed to disclose any formal Rule that stays discovery, which is the subject of a Motion for a Protective Order, but such relief would seem implicit in the nature of the protection being sought. Accordingly, we advised the parties that, were the depositions still set to be taken, we would stay that process until such time as we had ruled on the request for a Protective Order, absent some compelling reason to the contrary -- e.g., the imminent death of a witness, etc. Cf., Rule 37(d), Federal Rules of Civil Procedure (Failure to appear at parties' own deposition "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided in Rule 26(c).").

NOW, THEREFORE, It is --

ORDERED:

That, upon agreement from the parties, the depositions, which are currently scheduled to be taken in Mexico, will be stayed until further Order of the Court.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE